## GERTLEY v. NEW ORLEANS PUBLIC SERVICE, Inc.

### No. 16697.

Court of Appeal of Louisiana. Orleans.

Jan. 24, 1938.

A. H. Reed and Henry J. Wyman, both of New Orleans, for appellant.

Alvin R. Christovich, of New Orleans, for appellee.

JANVIER, Judge.

On the morning of September 3, 1936, at the corner of Broadway and Hickory streets, there occurred a collision between a Reo automobile owned and driven by Robert Gertley and a Broadway line passenger coach of defendant corporation. Gertley, alleging that the accident was caused by the negligence of the operator of the passenger coach and that he sustained personal injuries and his Reo automobile was demolished, prays for judgment against the defendant corporation in the sum of $300.

Defendant avers that the sole cause of the collision was the carelessness of Gertley in operating his automobile at an excessive rate of speed, in driving it into the intersection when the approaching passenger coach was so close that it could not be stopped, and in entering the intersection without first bringing his vehicle to a stop in order that he might ascertain whether any traffic was approaching on Broadway street.

In the court, a qua, there was judgment for defendant, and plaintiff has appealed.

Gertley was on Hickory street, driving his vehicle in a downtown direction. The passenger coach of defendant was on Broadway street and was going towards the Mississippi river. On Hickory street, to Gertley's right, there was a "stop" sign, which had been erected by authority of the commissioner of public safety of the city of New Orleans and which required that automobiles moving on that street, before entering Broadway street, be brought to a stop. Gertley claims that he did stop at the sign and that, as he looked to his left, he saw no vehicles approaching on Broadway street; that he then proceeded, at a speed of about 10 miles an hour, and had almost crossed the upper driveway of Broadway when he was struck violently by the coach, which, he says, without reducing its speed, had entered the intersection, which was already pre-empted by the Reo.

In the automobile with Gertley was a guest passenger, Clara Smooth, who also says that the Reo stopped at the "stop" sign and then proceeded very slowly to cross Broadway. But she shows very plainly that Gertley was not looking to his left as his car entered Broadway because she states that " * * * I saw the bus and said to him (Gertley), 'Look', and * * * when he did look it was too late." Gertley admits that he did not see the bus as soon as Clara Smooth did, for, referring to her, he says: " * * * She hollered to me, 'Look', and when I looked up the bus hit me just as she hollered."

From this testimony of plaintiff and of his witness it appears that, had Gertley been on the alert, he would certainly have seen the approaching bus or coach sooner than he did, and, if he had done so, if he was driving at the extremely moderate speed at which he says he was approaching the intersection, he could easily have effected a complete stop so that the coach might pass ahead of him.

But the evidence offered on behalf of defendants leaves no doubt whatever that the Gertley car did not stop before entering the intersection and that it dashed out from Hickory street at a speed of from 20 to 25 miles an hour when the coach was already so close to the intersection that it could not be brought to a stop before colliding with the Reo.

Mr. Gilbert, a naval architect, who was seated on "the second right-hand forward seat" and who states that he "had full view of the street, both the sidewalk, the intersection of the street and Broadway," says: "I had full view of the automobile." He further testifies that the Reo came out of Hickory street into Broadway "around 25 miles an hour, probably 30" and that Gertley "did not appear to be looking, he was looking straight ahead * * * until the time of the accident, when he turned and saw the bus." Later, on cross-examination, when asked by counsel for plaintiff if he could be positive that the Gertley car did not stop before entering the intersection, he said: "I could swear that he (Gertley) did not stop at the intersection."

This statement corroborates fully the testimony of the operator of the bus, who says that, as he approached the intersection, he "saw this automobile coming out Hickory Street * * * about 20 or 25 miles an hour. * * *" He further says that he applied his brakes, pulled the emergency brake, and swerved the bus to the left, but that Gertley "continued coming right on into me all the time."

The record shows that the bus came to a stop only a few feet beyond the point of impact, indicating moderate speed on its part. It also appears that the coach did not strike the Reo in the side, as the latter

was passing in front of the former, but, rather, that the left front wheel of the Reo struck the right front vestibule of the coach, which indicates that the coach had reached the intersection and had already entered it and was being swerved to its left when the Reo crashed into it.

We find no negligence whatever attributable to defendant, but that, on the contrary, Gertley himself was alone at fault.

The judgment appealed from is affirmed, at the cost of appellant.

Affirmed.